IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES of AMERICA,

v.  Criminal No. 4:17cr17

ALEXANDER SANTIAGO,

Defendant.

## OPINION & ORDER

This matter came before the Court on the Motion to Withdraw ("Motion") filed by Crystina O'Brien, counsel for Defendant Alexander Santiago ("Defendant"). Doc. 43. On October 19, 2017, the Court convened a hearing, heard argument on the Motion, and ruled from the bench. The Court **DENIED** the Motion and now issues this Opinion and Order setting forth the reasons for its ruling in further detail.

### I. BACKGROUND

On February 15, 2017, a grand jury indicted Defendant on four (4) counts, charging Defendant with: (1) Conspiracy to Distribute and Possess with Intent to Distribute One Hundred (100) Grams or More of Heroin; (2) Distribution of Heroin, (3) Distribution of Heroin, and (4) Possession with Intent to Distribute Heroin. Doc. 1.

Defendant filed a Motion to Suppress Evidence on April 14, 2017. Doc. 14. The United States of America (the "Government") responded in opposition on April 20, 2017. Doc. 17. The Government also filed a criminal information and notice establishing a prior conviction pursuant

to 21 U.S.C. § 851. Doc. 18. The Court convened a hearing on the Motion to Suppress and DENIED the Motion. Docs. 27, 29.

On May 30, 2017, the Court began a jury trial in the instant matter. After two (2) days of evidence and argument, the jury returned a verdict of guilty on all four (4) counts of the indictment, along with a finding that Count One (1) involved one hundred (100) grams or more of heroin. Doc. 36.

The United States Probation Office filed the initial version of the Presentence Investigation Report ("PSR") on September 13, 2017, and the final version on October 6, 2017. Docs. 39, 41. Defendant's counsel filed the instant Motion on October 12, 2017. Doc. 43.

## II. LEGAL STANDARD

The Sixth Amendment generally protects the right of a defendant to select his counsel. United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006). One limit on that right is that it "does not extend to defendants who require counsel to be appointed for them." Id. at 151. In such cases, the defendant must show good cause before the Court appoints new counsel. United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). The Fourth Circuit examines three (3) factors when reviewing decisions on Motions to Withdraw: "(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) 'whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.'" United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014) (quoting United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988)).

## III. ANALYSIS

The instant Motion is not timely. It resulted from a letter that Defendant sent to his counsel on October 10, 2017, indicating that he wished to change counsel. See Doc. 43 at 1.

The trial in this matter occurred on May 30–31, 2017, and Defendant waited until four (4) months after trial to seek new counsel. Thus, the timing weighs against granting the Motion.

The Court investigated the reason for the Motion at a hearing and found no good cause for granting it. The only change between end of trial and when Defendant wrote the letter was that he had reviewed the PSR in his case. It appears that Defendant belatedly made his request for new counsel because of the mandatory minimum noted in the PSR, or at least because of the imminence of sentencing, not because of any acts of his counsel. The Court inquired into the prior plea offer, which involved the Government not filing a notice to establish a prior conviction and thus avoiding a mandatory minimum. The Government represented that it communicated the offer and the mandatory minimum issue to Defendant's counsel. Defendant's counsel represented at the hearing that she informed Defendant of both the offer and the mandatory minimum should he not accept the plea deal. The Court also gave Defendant the opportunity to state his reasons for wanting new counsel. He refused to make a statement under oath for fear of any effects on an appeal in this case, but he did note that his problem with his counsel concerned some issues at trial. Thus, based on the statements of the Government, Defendant's counsel, and Defendant, the Court had no basis for finding good cause to grant the Motion.

Any breakdown in communications did not impair the defense in this case. Defendant's refusal to communicate with his lawyer began in October, long after the defenses at trial occurred. No other counsel could have performed better for Defendant at sentencing because he was facing a mandatory minimum well above his Guidelines range, the Government was only seeking the mandatory minimum, see Doc. 40, and the Court imposed the mandatory minimum. Thus, Defendant did not lack an adequate defense at sentencing.

Accordingly, based on a consideration of these three (3) factors, the Court did not find any good cause for granting the Motion and **DENIED** the Motion.

## IV.   CONCLUSION

For the reasons stated herein, the Court **DENIED** the Motion to Withdraw, Doc. 43.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

                                                          /s/
                                 Henry Coke Morgan, Jr.
                                 Senior United States District Judge
                              HENRY COKE MORGAN, JR.
                              SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 20, 2017