IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

ALEXANDER SANTIAGO,

    Petitioner,

                                                            Criminal Action No.: 4:17-cr-17

    v.                                             Civil Action No.: 4:19-cv-98

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

Alexander Santiago, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), in which he argues that he received ineffective assistance of counsel during and in relation to his jury trial. ECF No. 78.[1] Santiago also requests an evidentiary hearing and has filed a Motion to Appoint Counsel. Reply to United States' Resp. in Opp'n to § 2255 Relief ("Reply") at 1, 10–11, ECF No. 91; ECF No. 107.

For the reasons stated below, the Court finds there is no material fact in dispute and that Santiago cannot show a reasonable probability that the result of his jury trial would have been different but for his trial counsel's alleged errors. Thus, Santiago's § 2255 Motion is DENIED, and an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Santiago's request for an evidentiary hearing, Reply at 1, 10–11, ECF No. 91, is therefore DENIED. As explained below, Santiago's Motion to Appoint Counsel is

---

[1]    All ECF citations refer to filings in Santiago's criminal case, No. 4:17-cr-17.

likewise DENIED. ECF No. 107.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 15, 2017, a grand jury charged Santiago with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and 846 (Count One); distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Counts Two and Three); and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Count Four). ECF No. 1. The Court appointed Crystina O'Brien, Esq. ("O'Brien") to represent Santiago, and on April 14, 2017, O'Brien moved to suppress "all evidence recovered from searches of Mr. Santiago's person, his phone, and his residences." ECF No. 14. Following a hearing, the Court denied the motion to suppress. ECF No. 29; *United States v. Santiago*, No. 4:17cr17, 2017 WL 2290140 (E.D. Va. May 25, 2017).

On April 24, 2017, the Government filed an enhancement pursuant to 21 U.S.C. § 851 to establish Santiago's prior felony drug conviction, which increased his mandatory minimum sentence to ten (10) years.[2] ECF No. 18. The Court commenced a two-day jury trial on May 30, 2017, and the jury returned a guilty verdict on all four counts. ECF No. 36. Sentencing was scheduled for October 19, 2017, and the Court ordered the United States Probation Office to prepare a Presentence Report. ECF No. 38.

---

[2] A jury convicted Santiago of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841, on November 10, 2009. Verdict Form, Case No. 3:09cr299 (E.D. Va. Nov. 10, 2009), ECF No. 20. Santiago was sentenced to 87 months in prison, later reduced to 70 months, and was released on November 2, 2015. J. Criminal Case, Case No. 3:09cr299 (E.D. Va. Feb. 3, 2010), ECF No. 26; *see also* Order Reducing Sent., ECF No. 65; Pet. Superv. Rel., ECF No. 71.

The week before sentencing, Santiago's counsel moved to withdraw. ECF No. 43. At the sentencing hearing on October 19, 2017, the Court denied the motion to withdraw, finding that Santiago "belatedly made his request for new counsel because of the mandatory minimum noted in the PSR." Op. & Order at 3, ECF No. 49; *see also* ECF Nos. 48, 50. In relation to the motion to withdraw and with the benefit of having just conducted the sentencing, the Court further explained that "[n]o other counsel could have performed better for [Santiago] at sentencing because he was facing a mandatory minimum well above his Guideline range, the Government was only seeking the mandatory minimum, and the Court imposed the mandatory minimum." Op. & Order at 3, ECF No. 49.

At sentencing, the Court determined that Santiago had a Total Offense Level of 26 and a Criminal History Category of III, resulting in an advisory guideline range of 78–97 months, restricted to 120 months as a result of the mandatory minimum. Presentence Report ¶¶ 79–80, ECF No. 41. The Government and Santiago agreed that the advisory guideline range was properly calculated, and each requested that the Court impose the mandatory minimum sentence of ten years. ECF Nos. 40, 45. Consistent with the Defendant's and Government's recommendations, the Court sentenced Santiago to 120 months in prison.[3]

Santiago appealed his conviction and sentence, arguing that the district court erred in failing to suppress evidence seized during a traffic stop, that the evidence was insufficient to

---

[3] The Court also considered a pending Petition on Supervised Release in Case No. 3:09cr299, and related addenda to that petition, alleging violations of the terms and conditions of Santiago's supervised release. Pets. Supervised Release, Case No. 3:09cr399, ECF Nos. 71, 82; ECF No. 90. The Court imposed a six-month term of incarceration, to be served consecutively to the 120-month sentence imposed the instant case. Order, Case No. 3:09cr399, ECF No. 92. Santiago does not raise any claim related to the conviction or sentence on the Petition on Supervised Release.

support his conviction on Counts One, Two, and Four, and that the district court erred in allowing testimony and evidence related to a small amount of oxycodone seized during the traffic stop. *See United States v. Santiago*, 744 F. App'x 135, 137 (4th Cir. 2018). On August 2, 2018, the United States Court of Appeals for the Fourth Circuit affirmed Santiago's conviction and sentence, and the Supreme Court denied his petition for certiorari on October 1, 2018. *Id.* at 139; *Santiago v. United States*, 139 S. Ct. 284 (2018).

Santiago, proceeding *pro se*, timely filed the § 2255 Motion on October 7, 2019, and a brief in support on December 16, 2019. ECF Nos. 78, 81. As ordered by the Court on the Government's motion, ECF Nos. 83, 85, Santiago's trial counsel filed an affidavit responding to Santiago's ineffective assistance of counsel claims on February 24, 2020. O'Brien Aff., ECF No. 86. The Government filed a brief in opposition to Santiago's § 2255 Motion, ECF No. 87, and Santiago filed a reply, ECF No. 91.

This case was transferred to the undersigned in October 2022. On February 3, 2023, the Court granted in part and denied in part Santiago's Motion for Limited Discovery, ECF No. 92, and directed the Government to file an affidavit as to whether Santiago's co-conspirator, Vernon Lee Jones ("Jones"), was a confidential informant and/or was cooperating with the Government during the charged conspiracy. Order at 2, ECF No. 110. The Court also directed Santiago to file any response to the Government's affidavit by March 15, 2023. *Id.* On February 15, 2023, the Government filed an affidavit signed by Special Agent Erik J. Kempf ("Special Agent Kempf") attesting that Jones did not work in the capacity of a confidential source during Santiago's case. ECF No. 113. On March 2, 2023, Santiago filed a letter reiterating that his trial counsel should have investigated Jones and stating he had not received the Government's affidavit. ECF No. 114. The Government filed a corrected Certificate of Service certifying that Special Agent Kempf's

affidavit was sent to Santiago at the correct address. ECF No. 115. On March 9, 2023, Santiago filed a copy of the Court's February 3, 2023 Order with the words "co-conspirator" and "cooperating" underlined and an asterisk next to "cooperating." ECF No. 116. Santiago has not otherwise responded to the Government's submission, and the time period to do so has elapsed.

## II. STANDARD OF REVIEW

### A. Section 2255

A federal prisoner may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." *Id.* While *pro se* filers are entitled to more liberal construction of their pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), like any other petitioner they must prove the asserted grounds for relief by a preponderance of the evidence. *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

By contrast with a direct appeal, a § 2255 motion collaterally attacks a sentence or conviction through the filing of a new proceeding. *See United States v. Hadden*, 475 F.3d 652, 660–63 (4th Cir. 2007). Although the doctrine of procedural default generally bars claims not previously raised, a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows

5

ineffective assistance." (quotation and citation omitted)); *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) (holding that an ineffective assistance of counsel claim "is more properly raised in a § 2255 habeas motion for collateral relief"). This rule is practical in nature because the Federal Rules Governing Section 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal but may be necessary to properly resolve an ineffective assistance claim. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing *Massaro v. United States*, 538 U.S. 500, 504–06 (2003)).

### B. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show both that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish constitutionally deficient performance, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir. 1978) (citation omitted); *see also Strickland*, 466 U.S. at 687–91. Only in "relatively rare situations" will a § 2255 motion establish that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Tice v. Johnson*, 647 F.3d 87, 102 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 690).

The second prong of *Strickland* requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S.

at 693–94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

> As the Supreme Court explained in *Strickland*:
>
> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.*; *see also Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) ("We assume without deciding, as the district court did, that counsel was deficient . . . and turn directly to the prejudice prong.").

## C. Evidentiary Hearing

An evidentiary hearing is not required under § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment, and the facts must be viewed in the light most favorable to the § 2255 movant." *United States v. King*, 679 F. App'x 297, 298 (4th Cir. 2017) (internal quotation marks and citation omitted); *United States v. Cobb*, No. 87–7197, 1988 WL 54130, at *3 (4th Cir. May 16, 1988) (affirming dismissal of § 2255 petition without an evidentiary hearing where "the expanded record before the lower court left no material facts in dispute"); *see also United States v. Pindle*, No. 1:08cr287, 2012 WL 13081023, at *3 (E.D. Va. Oct. 12, 2012) (denying § 2255 motion without an evidentiary hearing where there were no

unresolved issues of material fact). Whether to hold an evidentiary hearing is within the discretion of the district court. *King*, 679 F. App'x at 298. (citations omitted).

## III. DISCUSSION

In his § 2255 Motion and supporting memorandum, Santiago initially raised three claims asserting ineffective assistance of counsel, alleging that his trial counsel failed to: (1) present evidence that a co-conspirator, Jones, was a confidential informant; (2) suppress evidence seized during a traffic stop; and (3) introduce an allegedly exculpatory video at trial. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at 4, ECF No. 78; Br. in Supp. of Mot. to Vacate ("Br. in Supp.") at 1, ECF No. 81. However, in his reply brief, Santiago withdrew two of those claims, stating "[w]ith regard to counsel's ineffectiveness regarding the suppression motion and the alibi evidence issues, Santiago hereby withdraws those claims." Reply at 12 n.1, ECF No. 91. Based on his withdrawal of those claims, the Court will consider only the first claim related to co-conspirator Jones.[4]

---

[4] Denial of Santiago's second and third claims would nevertheless be proper. The second claim, regarding suppression of evidence, was raised and rejected on appeal. Santiago cannot relitigate the issue now couched as an ineffective assistance of counsel claim. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009) (citation omitted). For his third claim, Santiago argues counsel was deficient for failing to introduce an allegedly exculpatory video at trial. Counsel's failure to show the video does not constitute deficient representation under *Strickland* given her explanation of why she did not use the video at trial. O'Brien Aff. ¶ 4, ECF No. 86; *see Burch v. Corcoran*, 273 F. 3d 577, 588 (4th Cir. 2001) (to satisfy the deficient performance component of *Strickland*, a convicted defendant must "overcome the 'strong presumption that counsel's strategy and tactics fall within the wide range of reasonable professional assistance'" (quoting *Strickland*, 466 U.S. at 689)). Additionally, Santiago has not shown that he suffered any resulting prejudice from the failure to show the video because three different witnesses testified to his presence at the scene of the relevant drug transaction. Trial Tr. 136:18–138:24, ECF No. 65; Trial Tr. 196:14–198:8, 207:18–208:4, ECF No. 66; *see Strickland*, 466 U.S. at 694 (to show prejudice, a convicted defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

### A. Santiago's Argument and Trial Counsel and the Government's Responses

Santiago's remaining claim relates to Count One, which charged conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. At trial, the Government presented evidence that Santiago conspired with Jones. Because Jones was charged in a separate indictment, *see United States v. Jones*, No. 4:17cr74, (E.D. Va. Aug. 16, 2017), and was a fugitive at the time, he did not testify at trial. Resp. of the United States to Def.'s Mot. to Vacate at 7, ECF No. 87. Santiago asserts that at the time of the alleged conspiracy (from about mid-2016 to January 5, 2017), Jones was serving as a confidential informant for the Drug Enforcement Administration ("DEA"). Br. in Supp. at 2–4, ECF No. 81; Reply at 5–8, ECF No. 91. Because a government informant cannot serve as a co-conspirator to establish a conspiracy, *United States v. Lewis*, 53 F.3d 29, 33 (4th Cir. 1995), Santiago argues that his counsel was deficient because she "never subpoen[a]ed, questioned, investigated, or otherwise inquired about Jones in any way," and Jones's alleged status as a confidential informant was never presented to the jury as a result. Br. in Supp. at 2–4, ECF No. 81.

In support of his argument, Santiago provides an exhibit which purports to be a National Crime Information Center Report ("NCIC Report") setting forth the criminal history of "Jones, Vernon Lee."[5] NCIC Report, ECF No. 81-1. The NCIC Report indicates that Jones was arrested on September 18, 2012, by "DEA Norfolk" for "Heroin-Possess." *Id.* at 3. The report further indicates that the charge was disposed of as follows: "1-24-13 102 months imprisonment . . . 11-26-13 sentence reduced from 102 months to 51 months." *Id.* at 3. On the

---

[5] Although the NCIC Report is not authenticated, the Government does not dispute its authenticity or that it relates to Jones. Resp. of the United States to Def.'s Mot. to Vacate at 5, ECF No. 87. Citations to the report will reference the page number generated by the Court's electronic filing system.

9

basis of this document, Santiago maintains that Jones began working as a confidential informant in 2013 and continued to do so through the offense conduct alleged in Santiago's case (mid-2016 to January 2017). Br. in Supp. at 4, ECF No. 81.

Additionally, Santiago attaches an (unsigned) declaration from Charlene Lockley ("Lockley") stating that Lockley, who was romantically involved with Jones, was aware that Jones was working as a confidential informant in 2016 (before Santiago's arrest in 2017). Lockley Decl., ECF No. 81-2. Santiago also attaches his own declaration asserting that O'Brien "never interviewed or investigated Vernon Jones despite me asking her to do so." Santiago Decl., ECF No. 81-3. Santiago states that O'Brien "had a copy of [the NCIC Report] and never once noticed that there was evidence showing that [Jones] was a government informant that was employed prior to, and throughout, the alleged conspiracy." Santiago Decl. ¶ 9, ECF No. 81-3. Santiago does not assert in his declaration that he was aware Jones was a confidential informant in 2016 and 2017. *Id.* ¶¶ 9–10. Santiago reiterates his position in his February 27, 2023 letter, but again does not assert he knew Jones was a confidential informant during this period. ECF No. 114.

In response, O'Brien states she did not have Jones's NCIC Report, did not know Jones had previously received credit for acting as a confidential informant, and was not provided with Lockley's name or contact information as of Santiago's trial. O'Brien Aff. ¶¶ 5–6, ECF No. 86. To the best of her knowledge, the first time O'Brien saw the NCIC Report or knew of Lockley's existence was upon receipt of Santiago's § 2255 Motion. *Id.* O'Brien adds that three different individuals (Detective Randy Gibson, Special Agent Kempf, and confidential informant D.A.[6]) testified as to Jones and Santiago's association, and that she was prepared with impeachment

---

[6] Confidential informant D.A. was identified by name at trial. His initials are used in this opinion, but his identity is known to all parties.

material for Jones if he appeared to testify. *Id.* ¶ 5. O'Brien points out that even if she had received the NCIC Report as of Santiago's trial, Special Agent Kempf testified that Jones was a "fugitive" and introduction of the NCIC Report or "rap sheet" "may have gone to show the jury that an alleged acquaintance of Mr. Santiago was a very bad person." *Id.*

For its response, the Government points to the Fourth Circuit's decision affirming Santiago's sentence, *Santiago*, 744 F. App'x at 139, and contends that the evidence presented at trial established that Jones was a co-conspirator and not a confidential informant. Resp. of the United States to Def.'s Mot. to Vacate at 6, ECF No. 87. The Government further asserts that any decision by O'Brien not to present Jones's criminal record to the jury was a tactical decision entitled to deference under *Strickland*. *Id.* at 7. In addition, the Government has provided the affidavit of Special Agent Kempf. Kempf Aff., ECF No. 113. Special Agent Kempf, who was the case agent for Santiago's case, attests based on his personal knowledge and review of the case file that Jones did not work in the capacity of a confidential source during Santiago's case. *Id.* at 1.

### B. The Record Establishes Jones Was Not a Confidential Informant

Santiago is correct in his general assertion that an individual who acts as a government agent and enters into a conspiracy as an informant cannot be a co-conspirator. *See United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011) (citing *Lewis*, 53 F.3d at 33). However, Santiago's § 2255 Motion fails because even assuming deficient performance by virtue of counsel's failure to investigate whether Jones was a confidential informant, there is no dispute of material fact regarding whether Jones was a confidential informant at the time of Santiago's offense conduct (mid-2016 to January 2017). Instead, viewing the facts in the light most favorable to Santiago, the record establishes that Jones was not a confidential informant.

11

At trial, there was no evidence or suggestion that Jones acted as a confidential informant. Instead, the Government relied on another individual, D.A., to provide information and testimony as a confidential informant. D.A., who was friends with Jones, testified that he was working as a confidential informant throughout the relevant timeframe, arranged drug buys with Santiago through Jones, and provided information on Jones and Santiago to the Government. Trial Tr. 128–161, ECF No. 65. Specifically, D.A. testified that he purchased heroin from Santiago, facilitated by Jones, in September and December 2016 and arranged to buy a larger quantity of heroin from Santiago in January 2017. Trial Tr. 128:13–140:6, ECF No. 65. Jones introduced D.A. to Santiago, provided D.A. with Santiago's contact information, and served as middleman for the September 2016 purchase. *Id.* Detective Randy Gibson and Lieutenant Werner Extine also testified to Santiago's association with Jones and described the September 2016 drug transaction between Santiago, Jones, and D.A. at Jones's home in Gloucester County, Virginia. Trial Tr. 137–138, ECF No. 65; Trial Tr. 196–198, 207–208, ECF No. 66. In closing argument, the Government appropriately explained that "the cooperating witness [D.A.] cannot be" a co-conspirator and stated that Jones and "other people involved that are furnishing the heroin to Mr. Santiago for his transportation into the Eastern District of Virginia" were co-conspirators for purposes of the conspiracy charge against Santiago. Trial Tr. 134–135, ECF No. 66. There was no testimony or evidence at trial regarding any confidential source other than D.A.

Moreover, the Government has provided affirmative evidence through Special Agent Kempf that Jones did not work as a confidential informant with respect to Santiago's case. ECF No. 113. Special Agent Kempf, as case agent, managed D.A.'s communications and controlled buys with Jones and Santiago. Trial Tr. 227–228, ECF No. 66. At trial, Special Agent Kempf explained in detail that he worked with, surveilled, searched, and monitored D.A. and his dealings

12

with Jones and Santiago. *Id.* at 227–233; 240–245. Special Agent Kempf did not testify regarding any other confidential source, and his sworn statement that Jones did not work as a confidential informant with respect to Santiago's case is based on his personal knowledge. Kempf Aff. at 1, ECF No. 113.

Santiago has submitted the unsigned declaration of Lockley, his own statements, and the NCIC Report in an effort to create a genuine dispute of material fact as to whether Jones was a confidential informant. None of this information, however, creates a factual dispute. First, although the purported statements of Lockley could have created a factual dispute, Lockley's declaration is neither signed nor attested. *See* Lockley Decl., ECF No. 81-2. For this reason, the statement does not constitute evidence to support Santiago's assertion that Jones was a confidential informant. *See DiQuollo v. Prosperity Mortg. Corp.*, 984 F. Supp. 2d 563, 570 (E.D. Va. 2013) ("The law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." (citations omitted)); *United States v. Witasick*, No. 4:07cr30, 2014 WL 1355433, at *4 (W.D. Va. Apr. 7, 2014) (finding that an unsigned declaration provided by defendant and which defendant alleged presented new evidence had "no evidentiary force or value" and was not accepted as evidence). Similarly, Santiago does not assert that he knew Jones was a confidential informant during the relevant time period.[7] Santiago Decl., ECF No. 81-3; Santiago Letter, ECF No. 114.

---

7     For his reply to Special Agent Kempf's affidavit, Santiago underlines "co-conspirator" and "cooperating" and marks "cooperating" with an asterisk in the Court's February 3, 2023 order. ECF No. 116. This submission does not provide any evidence to substantiate Santiago's claim or change the Court's analysis.

As to the NCIC Report, it indicates only that Jones was arrested by the DEA in 2012 and subsequently sentenced on that offense in 2013, and that the sentence was reduced several months later in 2013. NCIC Report at 3, ECF No. 81-1. The NCIC Report does not indicate why Jones's sentence was reduced or contain any other indication that Jones was a confidential informant (in 2012, 2013, or anytime thereafter). Even if the Court were to presume that Jones's sentence was reduced in 2013 because he cooperated, there is nothing in the NCIC Report to suggest that Jones cooperated three years later during the offense conduct in Santiago's case in mid-2016 until Santiago's arrest on January 5, 2017.

None of the evidence or information Santiago has presented creates a dispute of material fact as to whether Jones was a confidential informant with respect to Santiago's 2017 conviction. *See United States v. Roane*, 378 F.3d 382, 400 (4th Cir. 2004) (explaining that "conclusory assertions . . . [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing" (citation omitted)). It necessarily follows that Santiago cannot show prejudice under *Strickland*. Even assuming that the NCIC Report was available to O'Brien at the time of Santiago's trial and her failure to investigate Jones based on the NCIC Report was deficient performance, there is no "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94.

For the foregoing reasons, the Court finds there are no unresolved issues of material fact which would necessitate an evidentiary hearing and that there is no reasonable probability that the investigation Santiago claims O'Brien should have undertaken would have changed the outcome of his case. Santiago does not have a viable § 2255 claim within the meaning of the Sixth Amendment and *Strickland*. Having determined there are no material facts in dispute and that Santiago cannot establish prejudice under Strickland, the Court need not address whether counsel's

performance was deficient. *Strickland*, 466 U.S. at 697.

### C. Motion for Appointment of Counsel

On May 19, 2022, Santiago submitted a Motion to Appoint Counsel stating only "I think I [qualify] for case/ need a court appointe[d] lawyer for this motion. Thank you." ECF No. 107. No constitutional right to have appointed counsel in post-conviction proceedings such as this exists. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997). The Court, however, may appoint counsel to a financially eligible person if justice so requires. *See* 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Upon review of Santiago's motion and pleadings, the Court concludes that the issues in this matter are not complex and the interests of justice do not require the appointment of counsel. Accordingly, the Motion to Appoint Counsel is denied. ECF No. 107.

### IV. CONCLUSION

For the reasons stated above, Santiago's § 2255 Motion, ECF No. 78, is DENIED. Finding that Santiago has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is also DENIED. 28 U.S.C. § 2253(c); *see* R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000). Santiago's Motion to Appoint Counsel, ECF No. 107, is DENIED.

Santiago is ADVISED that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); R.Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Santiago intends to seek a certificate of appealability from the Fourth Circuit, he must do so within sixty (60) days from the date of this Order. Santiago may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is DIRECTED to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Newport News, Virginia.

It is so ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: March 30, 2023